### WHITE et al. v. MORMANDO.

(Supreme Court, Appellate Term. January 15, 1909.)

LANDLORD AND TENANT (§ 308*)—DISPOSSESS PROCEEDINGS—EVIDENCE.

    Where, with the tenant's acquiescence, subtenants vacated at the landlords' instance and on their assertion of a sale of the premises and their right to terminate the lease under its terms, and it appeared that the tenant was placed in charge as caretaker, the relation of landlord and tenant ceased, and the fact that eight months after his installation as caretaker, during which time no rent was demanded of him or paid, the tenant wrote the purchaser that his lease had not been terminated, did not conclude him in dispossess proceedings from asserting the true facts concerning his presence on the premises, and the direction of a verdict for the landlords was unauthorized.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1316; Dec. Dig. § 308.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Dispossess proceedings by Thomas White and others against Joseph Mormando. From two final orders in favor of plaintiffs, defendant appeals. Reversed, and new trials ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Palmieri & Wechsler, for appellant.

John W. Suling (Edward Browne and Frederic Cyrus Leubuscher, of counsel), for respondents.

BISCHOFF, J. The direction of a verdict for the landlords in these proceedings cannot be upheld, in view of the fact, as appears from the actual dealings between the parties, that the relation of landlord and tenant had ceased to exist by virtue of the leases, upon which

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

alone the proceedings were based. It was established by the landlords' evidence that this tenant's subtenants, whose occupancy represented his sole source of practical benefit under the lease, were caused to vacate the premises at the landlords' instance, with this tenant's acquiescence, upon the landlords' assertion of a sale of the premises and their consequent invoking of a term of the lease which gave them the right to terminate it in that event. Further, it appeared beyond question that this tenant, Mormando, was placed in charge of the premises as a caretaker, pending the expected delivery of possession to the purchaser, and that all obligation on his part to pay rent was to cease. Delays in the closing of title took place, and Mormanda, about eight months after his installation as caretaker, during which period no rent had been demanded of him, or paid, wrote a letter to the expected purchaser, asserting that his lease had not been terminated.

As a matter of undoubted fact the lease had been brought to an end by an accepted surrender of the tenant's possession, as such, upon the landlord's demand of possession; and, while the letter written to the purchaser by this one-time tenant would have served as an admission that the lease had not been terminated, if there were an issue as to the facts of the transaction, the evidence on the part of the landlord was only consistent with the proposition that the lease had been surrendered, and that Mormando's claim of a lease was either willfully false or proceeded from an honest mistake as to the effect of the earlier surrender. Apparently, for the purposes of the direction of a verdict, this letter to the purchaser was given effect as concluding the alleged tenant from ever asserting the true and known facts concerning his presence upon the premises; but such a result was certainly unauthorized. No facts were presented upon which an equitable estoppel could be based; but, if the evidence sufficed so to qualify the assertion of a continued lease, the question was one of fact, not of law, and the alleged tenant was entitled to go to the jury upon the issue whether the relation of landlord and tenant existed.

The final orders must therefore be reversed, and new trials ordered, with costs to appellant to abide the event. All concur.